[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S SUPPLEMENTAL REQUEST FORPRODUCTION
The plaintiff commenced this action against the defendant on June 16, 1993, which was subsequently amended on March 16, 1994. On November 23, 1994, the defendant filed a Motion for Permission to File a Supplemental Request for Production. On December 6, 1994, the plaintiff filed his objection to the motion. The court heard oral argument on the motion and the objection on December 20, 1994. At the conclusion of oral argument, CT Page 92-A the court requested the filing of simultaneous briefs by the parties, on or before the close of business January 3, 1994.
Defendant's supplemental request seeks the production of information regarding disciplinary hearings against the plaintiff. This information, if existing, is retained by the State of Connecticut Department of Health Services (DHS). The plaintiff objects to the request, arguing that Section 20-13e of the Connecticut General Statutes prohibits the DHS from disclosing its records unless there has been a finding of probable cause to issue a complaint.
A brief procedural history of the case is dispositive of this issue and renders any discussion of the respective parties' substantive arguments moot. The plaintiff has sued the defendant claiming the defendant's conduct in prior court proceedings, specifically a criminal proceeding, has caused him damage. In Count One, paragraph 27 of plaintiff's amended complaint, he alleged, "As a further direct and proximate result of the aforementioned negligence and carelessness of the defendant, the plaintiff has incurred and will incur medical and legal expenses, CT Page 92-B and permanent and irreparable damage to his professionaland personal reputation." (Emphasis added.) Counts One through Four of the plaintiff's amended complaint had previously been stricken by the court in its decision of November 29, 1994, on defendant's Motion to Strike.
In light of the court's decision on the defendant's Motion to Strike, only Counts Five and Six remain of the plaintiff's amended complaint, dated March 16, 1994. Count Five incorporates paragraphs one through twenty-seven of Count Four; however, paragraph twenty-seven of Count Four is not the same language as paragraph twenty-seven of Count one. In fact, Count Five makes absolutely no reference to the plaintiff's professional reputation, in its initial twenty-seven paragraphs or in its four paragraphs, numbered twenty-eight through thirty-one.
Similarly, a review of Count Six shows no remaining reference to plaintiff's professional reputation. Count Six incorporates paragraphs one through thirty-one of Count Five (which is all of Count Five) and adds three paragraphs, numbered thirty-two through thirty-four. As previously mentioned, Count CT Page 92-C Five makes no mention of plaintiff's professional reputation and neither do the three additional paragraphs added to Count Six.
Based on this procedural review, there is no longer a claim which exists of the plaintiff regarding damage to his professional reputation. In the absence of such a claim, there exists no basis for the defendant's Supplemental Request for Production. With the court's striking of Counts One through Four of the plaintiff's amended complaint, there are no remaining allegations regarding damage to plaintiff's professional reputation. The plaintiff's professional reputation is no longer at issue; it has not been alleged in the remaining two counts of plaintiff's complaint.
Consequently, it is not necessary for this court to reach the substantive arguments advanced by the parties on the merits of the Request for Supplemental Production. Accordingly, the defendant's Supplemental Request for Production is denied.
SUSAN B. HANDY JUDGE, SUPERIOR COURT CT Page 92-D